# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 12:51:48 PM.
30-2020-01140574-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Sonya Wilson, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

@1:20 pm

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICOLD LOGISTICS, LLC, a corporate entity form unknown;
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARISELA HERNANDEZ, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center | CASE NUMBER:<br>30-2020-01140574-CU-WT-CJC |
|---|---|
| 700 West Civic Center Drive<br>Santa Ana, CA 92701 | Judge Layne H. Melzer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili, Esq., 600 W Santa Ana Blvd., Ste. 202, Santa Ana, CA 92701; 714-547-4700

| DATE: 05/26/2020<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court<br>Clerk, by *(Secretario)* | *signature* | S. Wilson , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Americold Logistics, LLC.

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 6/18/2020

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Case 8:20-cv-01294   Document 1-2   Filed 07/20/20   Page 3 of 23   Page ID #:14
Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 12:51:48 PM.
30-2020-01140574-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sonya Wilson, Deputy Clerk.

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MARISELA HERNANDEZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMERICOLD LOGISTICS, LLC, a corporate entity form unknown;  and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  **30-2020-01140574-CU-WT-CJC**<br>Assigned for all purposes to the<br>*Assigned for All Purposes:*  Judge Layne H. Melzer<br>**COMPLAINT:**<br>1. Pregnancy Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>5. Retaliation in Violation of Gov. Code §12940(h)<br>6. Wrongful Termination<br>7. Failure To Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq*<br>8. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

Plaintiff Marisela Hernandez (hereinafter "Plaintiff" and/or "Hernandez") alleges as follows:

<strong><u>THE PARTIES</u></strong>

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Americold Logistics, LLC ("Americold"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that Americold was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Americold was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to Americold, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some

COMPLAINT

2

6

manner legally responsible for the events, happenings and circumstances alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.   Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.   Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Brea, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.

## FACTUAL BACKGROUND

10.     On or about July 28, 2008, Plaintiff was hired by Defendant as a customer service representative. Plaintiff's job duties included, but were not limited to, servicing Defendant's cold refrigeration delivery and storage clients. Plaintiff was paid $16.50 per hour.

11.     On or about August 25, 2018, Plaintiff discovered that she was pregnant. Plaintiff's pregnancy was termed high risk because she was also diabetic. Plaintiff's due date was March 23, 2019. Given the nature of Plaintiff's pregnancy, it caused her to take off work via disability leave and FMLA leave beginning August 25, 2018.

12.     Subsequently, Defendant's Human Resource Department approved Plaintiff for long term disability leave through January 31, 2019. However, her request for leave from February 1, 2019 to May 17, 2019 was denied. Plaintiff was told by CIGNA, Defendant's insurance carrier, to consult with her doctor regarding her additional leave request. Soon thereafter, the additional leave was approved

13.     On or about February 24, 2019, Plaintiff was forced to undergo a Caesarean section and her son was born premature.

14.     On or about April 17, 2019, Plaintiff received a text message from Virginia Hoppi, a representative from Defendant Human Resources Department ("HR"), asking her when she planned to return to work and indicating that her long term disability would end April 23, 2019. Plaintiff was approved for leave, however, through May 23, 2019. Unbeknownst to Plaintiff, CIGNA unilaterally reduced her leave time because the baby was born prematurely. Plaintiff was also told to contact Defendant's insurance carrier to request additional leave.

15.   On or about April 25, 2019, Plaintiff contacted Defendant's insurance carrier and requested an additional eight weeks off work because her child was born premature and required care and treatment.

16.   On or about April 30, 2019, Ms. Hoppi terminated Plaintiff.  Ms. Hoppi stated that Defendant would not accommodate Plaintiff's additional leave.

17.   Plaintiff is informed and believes that she was terminated on the basis of her pregnancy disability and for taking medical leave and disability leave.

18.   Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated July 31, 2019.

<u>**FIRST CAUSE OF ACTION**</u>

**PREGNANCY DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.***

**(Against All Defendants)**

19.   Plaintiff refers to all allegations contained in paragraphs 1-18, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

20.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

21.   Plaintiff was pregnant and disabled as alleged above.

22.   Defendant was aware of Plaintiff's pregnancy and pregnancy disability, as herein alleged, because Plaintiff specifically reported said pregnancy and pregnancy disability directly to Defendant via Defendant's supervisors and managing agents.

23.   At all times herein alleged, Plaintiff was qualified for the position of

employment that she held with Defendant and was able to perform the essential functions of that job.

24.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's pregnancy and pregnancy disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

25.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's pregnancy and pregnancy disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

26.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

27.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

28.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

29.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

30.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees who are pregnant and disabled.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

31.     Plaintiff is informed and believes and thereon alleges that her pregnancy was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

32.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

33.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

34.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

### (Against All Defendants)

35.     Plaintiff refers to all allegations contained in paragraphs 1-34, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

36.     Plaintiff had a pregnancy disability as alleged above.

37.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

38.     Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address

Smalli & Associates, P.C.

1    Plaintiff's needs in light of her disabilities.

2       39.    At all times herein alleged, Plaintiff was qualified for the position of
3 employment that she held with Defendant and was able to perform the essential functions
4 of that job if such reasonable accommodation had been made by Defendant. At no time
5 would the performance of the functions of the employment position, with a reasonable
6 accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
7 person's health or safety, nor would it have created an undue hardship to the operation of
8 Defendant's business.

9       40.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes
10 unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*
11 §12940.

12       41.    As a direct, foreseeable, and proximate result of Defendant's wrongful
13 conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
14 suffered the loss of wages, salary, benefits, the potential for advancement, and additional
15 amounts of money Plaintiff would have received but for Defendant's wrongful conduct,
16 in an amount of at least three hundred thousand dollars, all subject to proof at the time of
17 trial.

18       42.    As a direct, foreseeable, and proximate result of the wrongful conduct of
19 Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
20 distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an
21 amount subject to proof at trial.

22       43.    Plaintiff is informed and believes and thereon alleges that the above-alleged
23 actions of Defendant were the result and consequence of Defendant's failure to supervise,
24 control, direct, manage, and counsel those agents throughout Plaintiff's employment and
25 that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
26 enabled agents to believe that their conduct was appropriate.

27       44.    Defendant, and each of them, failed to offer counseling or comfort to
28 Plaintiff and sent the unmistakable message that such conduct is appropriate in the

1  workplace.

2      45.    Plaintiff is informed and believes and thereon alleges that Defendant has a
3  systemic and wide-spread policy of discriminating against and retaliating against
4  employees with disabilities.  By failing to stop the discrimination, harassment and
5  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
6  directly caused a vicious cycle of wrongful conduct with impunity.

7      46.    Plaintiff is informed and believes and thereon alleges that Defendant's
8  desire to avoid accommodating Plaintiff was a motivating factor in the decision of
9  Defendant to discriminate against her and ultimately terminate her.

10      47.    The outrageous conduct of Defendant, and each of them, as alleged herein,
11  was done with oppression and malice by Defendant and its supervisors and managers,
12  along with conscious disregard of Plaintiff's rights, and were ratified by those other
13  individuals who were managing agents of Defendant.

14      48.    The conduct of Defendant as alleged hereinabove was done with malice,
15  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.
16  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

17      49.    Plaintiff also continues to incur attorneys' fees and legal expenses in an
18  amount according to proof at the time of trial which fees and expenses are recoverable
19  pursuant to *Gov't Code* §12900 *et seq.*

20              **THIRD CAUSE OF ACTION**

21      **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

22      **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

23                **(Against All Defendants)**

24      50.    Plaintiff refers to all allegations contained in paragraphs 1-49, inclusive and
25  by such reference incorporates the same herein as though fully realleged in detail.

26      51.    Plaintiff has a disability as alleged above.

27      52.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

28      53.    Defendant failed and refused to engage Plaintiff in an interactive process

COMPLAINT

9

1  designed to unite Plaintiff with her job.

2      54.    At all times herein alleged, Plaintiff was qualified for the position of
3  employment that she held with Defendant and was able to perform the essential functions
4  of that job if such reasonable accommodation had been made by Defendant. At no time
5  would the performance of the functions of the employment position, with a reasonable
6  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
7  person's health or safety, nor would it have created an undue hardship to the operation of
8  Defendant's business.

9      55.    Defendant's failure to engage with Plaintiff in an interactive process, as
10  alleged above, constitutes unlawful conduct in employment in violation of FEHA, and
11  particularly *Gov't Code* §12940.

12      56.    As a direct, foreseeable, and proximate result of Defendant's wrongful
13  conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
14  suffered the loss of wages, salary, benefits, the potential for advancement, and additional
15  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,
16  all in an amount no less than three hundred thousand dollars, subject to proof at the time
17  of trial.

18      57.    As a direct, foreseeable, and proximate result of the wrongful conduct of
19  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
20  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an
21  amount subject to proof at trial.

22      58.    Plaintiff is informed and believes and thereon alleges that the above-alleged
23  actions of Defendant were the result and consequence of Defendant's failure to supervise,
24  control, direct, manage, and counsel those agents throughout Plaintiff's employment and
25  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
26  enabled agents to believe that their conduct was appropriate.

27      59.    Defendant, and each of them, failed to offer counseling or comfort to
28  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

COMPLAINT

10

14

Smaili & Associates, P.C.

workplace.

60.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

61.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

62.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

63.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

64.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

#### (Against All Defendants)

65.     Plaintiff refers to all allegations contained in paragraphs 1-64, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

66.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her disability and participation in protected conduct in violation of *Government Code*

1  §12940(k).

2      67.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

3  and continues to suffer, substantial losses in earnings and other benefits in an amount

4  according to proof at the time trial, including special and general damages.

5      68.    As a direct, foreseeable, and proximate result of the wrongful conduct of

6  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

7  humiliation, substantial losses in salary, bonuses, job benefits, and other employment

8  benefits which she would have received all to her damage in a sum within the jurisdiction

9  of the Court to be ascertained according to proof.

10     69.    Plaintiff is informed and believes and thereon alleges that the outrageous

11 conduct of Defendant, and each of them, as alleged herein, was done with oppression and

12 malice by Plaintiff's supervisors and managers, along with conscious disregard of

13 Plaintiff's rights, and were ratified by those other individuals who were managing agents

14 of Defendant.

15     70.    As a proximate result of the wrongful conduct of Defendant, and each of

16 them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

17 mental and physical pain and anguish according to proof at the time of trial.

18     71.    These unlawful acts were further encouraged by Defendant and done with a

19 conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

20 injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice,

21 fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

22 As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

23     72.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

24 expenses in an amount according to proof at the time of trial.

25 ///

26 ///

27 ///

28 ///

COMPLAINT

12

## FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

73.     Plaintiff refers to all allegations contained in paragraphs 1-72, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

74.     At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

75.     Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability for which a reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with her  job, failing to determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff advancement and promotion.

76.     Defendant unlawfully retaliated against Plaintiff after she engaged in protected activity, e.g. after requesting accommodation and resisting pregnancy discrimination.

77.     As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to her damage in a sum according to proof.

78.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive

1    and exemplary damages in an amount according to proof.

2    79.    Plaintiff has incurred and continues to incur legal expenses and attorney

3    fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and

4    prays leave of court to amend this Complaint when said amounts are more fully known.

5    ### SIXTH CAUSE OF ACTION

6    ### WRONGFUL TERMINATION

7    **(Against All Defendants)**

8    80.    Plaintiff refers to all allegations contained in paragraphs 1-93, inclusive and

9    by such reference incorporates the same herein as though fully realleged in detail.

10    81.    Plaintiff informed Defendants that she suffered from disabilities. Further,

11    Defendants were aware of Plaintiff's requests for accommodation.

12    82.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an

13    employee from discussing their working conditions.

14    83.    *Labor Code* §6310 protects an employee's right to complain of unsafe

15    working conditions.

16    84.    *Labor Code* §6400 requires employers to provide a work environment that

17    is safe for its employees.

18    85.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against

19    protected classes of employees.

20    86.    California law prohibits retaliation against employees who exercise leave

21    rights.

22    87.    Defendant wrongfully terminated Plaintiff in violation of a substantial and

23    fundamental public policy in that a determining and motivating factor in Defendants'

24    decision to terminate Plaintiff was the desire to retaliate against her because: (i) she was

25    pregnant and disabled, (ii) she required reasonable accommodation, (iii) she required an

26    interactive process, (iv) she exercised leave rights, and (v) she lodged complaints.

27    88.    Plaintiff is informed and believes and thereon alleges that these factors

28    made up Defendants decision to terminate Plaintiff and/or played an important and

Smaili & Associates, P.C.

integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

89.     As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

90.     In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### (Against All Defendants)

91.     Plaintiff refers to all allegations contained in paragraphs 1-104, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

92.     California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

93.     California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

94.     California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

95.     California Labor Code §1198.5 et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

96.  Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

97.  As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

98.  By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

99.  Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

100.  Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

101.  Plaintiff refers to all allegations contained in paragraphs 1-114 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

102.  Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

103.  Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

104.  By engaging in the above-described acts and practices, Defendant, and each

COMPLAINT

16

20

of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

105.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

106.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

107.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2.   For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.   For pre-judgment and post-judgment interest, according to proof;

4.   For punitive and exemplary damages, according to proof;

5.   For attorneys' fees, according to proof and statute;

6.   For costs of suit incurred herein;

7.   For such other relief and the Court may deem just and proper.

COMPLAINT

17

1  Dated: May 27, 2020                    **SMAILI & ASSOCIATES, P.C.**

2

3                                         By: _/s/ Jihad M. Smaili_

4                                              Jihad M. Smaili, Esq.
                                               Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

18

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby requests a trial by jury.

3

4  Dated: May 27, 2020                **SMAILI & ASSOCIATES, P.C.**

5

6                                      By:  */s/ Jihad M. Smaili*
7                                           Jihad M. Smaili, Esq.
                                            Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

19

Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 12:51:48 PM.
30-2020-01140574-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sonya Nelson, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Jihad M. Smaili (SBN: 262219)
Smaili & Associates, PC
600 W Santa Ana Blvd., Ste 202
Santa Ana, CA 92701
TELEPHONE NO.: 714-547-4700   FAX NO.:
ATTORNEY FOR (Name): Marisela Hernandez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W Civic Center Drive
MAILING ADDRESS: 700 W Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Hernandez v. Americold Logistics, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01140574-CU-WT-CJC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Layne H. Melzer |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify)*: Eight (8)

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/27/2020

Jihad M. Smaili
(TYPE OR PRINT NAME)

▶ /s/Jihad M. Smaili
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**